UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILSON ACEVEDO,**

        **Plaintiff,**

vs.                                   **Case No.   8:04-cv-959-T-MSS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____/

## ORDER

Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42, United States Code, §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying claims for disability insurance benefits and supplemental security income under the Act.[1]

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

## I. BACKGROUND

    A.  Procedural History

Plaintiff applied for disability insurance benefits and supplemental security income on February 13, 2002. (T. at 13). Plaintiff alleged an onset of disability on March 8, 2001, due to back pain, anxiety, and depression. (T. at 14). His claim was denied initially and on reconsideration.

---

[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) and the district court has referred the matter for final disposition.

(T. at 13).  On April 14, 2004, the Appeals Council denied review of the December 22, 2003, ALJ decision.  (T. at 6-7).  On May 14, 2004, Plaintiff filed this action for review.

      B.  Medical History and Findings Summary

Plaintiff's medical history is set forth in the ALJ's decision.  By way of summary, the medical evidence indicates that after sustaining a needle stick injury at work, Plaintiff suffered from an anxiety disorder, post-traumatic stress disorder, obsessive compulsive disorder, affective disorder, and questionable back pain.  (T. at 16).  Plaintiff's medical records also indicate that Plaintiff had a history of drug abuse.  (T. at 16).

After considering the evidence, including medical records from Plaintiff's treating and examining physicians, the ALJ found that Plaintiff does have impairments that are severe within the meaning of the Regulation, but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.  (T. at 16).  Accordingly, the ALJ assessed Plaintiff's ability to work at the fourth and fifth stage of the sequential analysis.

The ALJ evaluated Plaintiff's residual functional capacity ("RFC") to determine if he could return to his past relevant work or other work existing in significant numbers in the national economy.  (T. at 16).  The ALJ found that Plaintiff had the RFC to perform work activity at all exertional levels with limitations on his ability to understand, remember, carry out detailed tasks, and maintain attention for extended periods.  (T. at 16).  The ALJ, therefore, concluded that Plaintiff is capable of performing his past relevant work as a hospital housekeeper, rental truck driver and mechanic.  (T. at 17).  As such, the ALJ concluded that Plaintiff is not disabled under the Act.

**II.**    **STANDARD OF REVIEW**

In an action for judicial review, the reviewing court must affirm the decision of the

Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law de novo. See Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard. See McDaniel v. Bowen, 800 F.2d 1026, 1029-1030 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983). If the reviewing court is unable to determine from the Commissioner's decisions that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

Here, Plaintiff asserts three points of error: (1) the ALJ failed to develop the record fully as to the requirements of Plaintiff's past relevant work and thus, perhaps, found him capable of doing a job when he could only perform some component of the job rather than the whole job as previously performed; (2) the ALJ failed to develop the record fully as to Plaintiff's activities of daily living and claimed impairments in general; and (3) the ALJ gave insufficient weight to the opinion of Plaintiff's treating physician and examining physician.

**III. DISCUSSION**

    I.    Whether the ALJ Adequately Developed the Record With Respect to Plaintiff's Past Relevant Work

With respect to Plaintiff's first argument, Plaintiff is incorrect. The ALJ fully considered Plaintiff's past work history as reported by Plaintiff. Plaintiff offered no suggestion that there was something unusual about his jobs as performed by him to warrant the ALJ's further consideration of the Plaintiff's work or various components of it. He reported that he previously worked as a hospital housekeeper, rental truck driver and a mechanic. Although Plaintiff stated that he worked as a truck driver from 1995-2000 on his initial Disability Report and as a Lumberjack from 1995-2000 on his Reconsideration Disability Report, no such inconsistencies are present with respect to Plaintiff's positions as a housekeeper or mechanic. As recounted by Plaintiff, these positions were typical. (T. at 43, 61-62). Plaintiff argues that it is unclear from the record which jobs Plaintiff actually held. With respect to his position as a housekeeper, Plaintiff states that it appears that he may have been involved in food service, laundry, housekeeping and maintenance simultaneously. (Dkt. 15 at p. 9). The disability reports state that Plaintiff worked in "housekeeping" and in "housekeeping-maintenance." (T. at 43, 61). Further, Plaintiff's medical records reflect that he worked in the housekeeping department, in a janitorial capacity. (T. at 89, 121, 124, 127, 151, 152). Plaintiff did note that he had the additional duties of delivering food trays and laundry sheets to patients. (T. at 62). These additional functions, however, do not so drastically change the needed RFC to warrant a finding that the ALJ impermissibly discounted any relevant component of the job.

  II. Whether the ALJ Gave Sufficient Weight to the Opinions of Plaintiff's Treating Physician and Examining Physician and Fully Developed the Record

Plaintiff's next two contentions do warrant reversal of the decision of the ALJ. The ALJ rejected the opinion of two doctors, a treating doctor, Dr. Miner, who saw Plaintiff on at least two occasions, and an examining, consulting doctor, Dr. Lawson. These doctors each made several

findings regarding Plaintiff's residual mental functional capacity. Dr. Miner opined that Plaintiff had "near constant intrusive thoughts," very basic memory, required excessive supervision, exhibited paranoia and anxiety, severe agoraphobia and could not deal with routine stress. (T. at 187). Overall, he concluded Plaintiff's prognosis was "poor to dismal." (T. at 188). Similarly, Dr. Lawson opined that Plaintiff was very jumpy, had chewed his fingernails down to the ends, and had bloody spots on his hands. (T. at 124). He was nervous and moved a great deal throughout the interview. (T. at 124). Dr. Lawson diagnosed Plaintiff with major depression and anxiety disorder. (T. at 125). He reported that Plaintiff presented with "vegetative signs of depression and symptoms of anxiety." He recommended that Plaintiff continue his psychiatric treatment. (T. at 126).

The controlling body of law on the priority of medical evidence provides that the treating physician's opinion may not be rejected absent good cause to the contrary. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). Furthermore, that good cause finding must be set forth expressly on the face of the ALJ's opinion. "Absent a showing of good cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the Commissioner." Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988)(citation omitted); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986). The reports of reviewing, non-examining physicians do not constitute substantial evidence on which to base an administrative decision. Spencer on Behalf of Spencer v. Heckler, 765 F.2d 1090, 1093 (11th Cir.1985); Strickland v. Harris, 615 F.2d 1103 (5th Cir.1980); Lamb, 847 F.2d at 703 ("The opinions of non-examining, reviewing physicians, ... when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence."). Further, the good cause required before the treating physicians' opinions may be accorded little weight is not provided by the report of a non-examining

physician where it contradicts the report of the treating physician. Johns v. Bowen, 821 F.2d 551 (11th Cir.1987). This priority, known as the "treating physician rule," is borne out of the notion that treating physicians generally have more knowledge of the medical history of their patients and in that capacity are best qualified to assess the nature of the claimed disability. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Finally, the report of an examining physician is to be accorded more weight than that of a non-examining physician. 20 C.F.R. § 404.1527(d)(1).

Rather than accept the findings of these two doctors, the ALJ implicitly rejected Dr. Lawson's opinion recounting only that Plaintiff had low cognitive ability and presented with vegetative signs of depression and symptoms of anxiety. (T. at 15 citing Ex. 4F (T. at 126)). The ALJ also noted that Dr. Lawson recommended that Plaintiff continue receiving psychiatric treatment and psychotherapy. (T. at 126).

With respect to the significant findings of Dr. Miner, the ALJ stated only: "I do not accept the view of Dr. Jefferey Miner." (T. at 17). He noted that agency record doctors reported different conclusions. The opinion of agency consultants, of course, do not constitute good cause to reject the report of a treating physician where it contradicts the report of the treating physician. Lamb, 847 F.2d at 703; Bruet v. Barnhart, 313 F. Supp. 2d 1338, 1346 (M.D. Fla. 2004). Even more troubling, the ALJ also stated that, "[w]ith consistent treatment as well as compliance with his medication regimen, the claimant should be able to function within the limitations set forth above." (T. at 17). Noticeably absent is any record cite of a medical source for this conclusion other than the state consultant's opinion that Plaintiff would be able to work if he continued with treatment and was free of drug abuse. (T. at 158).

In response to this appeal, the Commissioner articulates, for the first time, reasons for

rejecting Dr. Miner's opinion: that he is not a specialist, that he referred to other disability forms but did not include them in the medical record, and that there are no treatment notes to which to refer. These reasons, however, were not offered by the ALJ. The Court's role is to review the decision of the ALJ to determine whether it is supported by substantial evidence. Dr. Miner treated Plaintiff on at least two occasions. Dr. Miner's records indicate that he first examined Plaintiff on March 7, 2002, and examined Plaintiff again on May 15, 2002. (T. at 186, 188). Dr. Miner also referred to the opinions of other doctors who treated Plaintiff, Dr. Nino, psychologist, and Dr. Gaticales, psychiatrist. (T. at 188). These disability reports <u>are</u> in the record. Dr. Nino found that Plaintiff "generates a clinical picture of a severe depressive reaction to a tragic event. His overall life is shattered." (T. at 183). Dr. Nino also noted that Plaintiff has poor coping skills. (T. at 184). Dr. Gaticales noted that Plaintiff is very depressed, exhibits self abusive behavior, and has mood swings and angry outbursts. (T. at 174).

Having failed to offer a reason for rejecting Dr. Miner's medical opinion, that opinion must be accepted as true. <u>MacGregor</u>, 786 F.2d at 1053. Likewise, the opinion of Dr. Lawson is entitled, as a matter of law, to greater weight than the opinion of Agency consultants.

Accordingly, this matter is remanded for re-consideration, consistent with this decision, at steps four and five of the sequential analysis to determine whether Plaintiff is disabled or can perform work in the national economy. On remand, should the Commissioner or the Plaintiff wish to supplement the record to establish the appropriate onset date, either may do so.

## IV.   CONCLUSION

The ALJ's finding that Plaintiff is not disabled is not supported by substantial evidence. The Undersigned, therefore, **ORDERS** that the decision of the Commissioner is **REVERSED** and

**REMANDED** with directions to proceed through steps four and five of the sequential analysis pursuant to the terms described above. The Clerk is directed to **ENTER** judgment in favor of the Plaintiff and **CLOSE** this case.

  **DONE** and **ORDERED** this 14th day of September 2005.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record